United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41503
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIO RUBIO-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1108-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Dario Rubio-Garcia appeals from the sentence imposed following his guilty-plea conviction for illegal entry, in violation of 8 U.S.C. § 1325(a)(1).

Rubio-Garcia argues that the district court erred when it classified a prior conviction for driving under the influence of alcohol (DUI) as a felony offense that warranted a four-level offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(D)(2003). He also argues that the district court reversibly erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced him pursuant to the mandatory Guidelines scheme that was stricken in United States v. Booker, 125 S. Ct. 738 (2005).

While the record indicates that a document was provided to the district court to support the probation department's characterization of Rubio-Garcia's prior DUI offense as a felony that warranted the U.S.S.G. § 2L1.2(b)(1)(D) enhancement, the document is not in the record. Thus, this court cannot review the document to resolve whether the district court erred when it relied upon the document for the enhancement. See Shepard v. United States, 125 S. Ct. 1254, 1257 (2005); United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005) (citation omitted). Because the document is missing from this court's record, the only support for the enhancement is the assertions that are set forth in the presentence report. For enhancement purposes, a district court may not rely solely on the PSR's characterization of the offense. See Garza-Lopez, 410 F.3d at 274. Additionally, the probation department described the document that was allegedly provided to the district court as a computer printout. A "computer printout" is not a charging document, a written plea agreement, a transcript of plea colloquy, or a explicit factual finding by the trial judge to which the defendant assented. Therefore, based upon the probation department's description of the document and the authority set forth in Shepard, 125 S. Ct. at 1257, and Garza-Lopez, 410 F.3d at 274, the district court erred when it

determined that Rubio-Garcia's prior DUI conviction warranted the U.S.S.G. § 2L1.2((b)(1)(D) enhancement.

Because this court is vacating Rubio-Garcia's sentence due to a misapplication of the Guidelines, it is not necessary to address Rubio-Garcia's Booker claim.  See Garza-Lopez, 410 F.3d at 275 n.2.

We therefore VACATE Rubio-Garcia's sentence and REMAND for resentencing consistent with this opinion and the Supreme Court's opinion in Booker.